IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LANNY M. BUSH, #1917810 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv541 |
| C.E. MONROE, ET AL. | § | |

### MEMORANDUM OPINION ADOPTING THE REPORT
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, Lanny Marvin Bush, an inmate confined at the Michael Unit within the Texas Department of Criminal Justice (TDCJ), *pro se*, filed a complaint under 28 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Bush raised several claims regarding the conditions of confinement and the alleged deliberate indifference to his safety and security. Specifically, he maintained that prison officials have intentionally ignored the following inhumane and cruel conditions within the prison: (1) water leaks from rain and showers, (2) black mold inside the showers, (3) cell windows without screens, which allow insects and pests to enter the cell, (4) crumbling walls, (5) rusty metal and the danger of tetanus, and (6) broken/missing cell doors and lockers.

Moreover, Bush highlighted how TDCJ instituted policies and guidelines designed to protect vulnerable inmates safe from predatory inmates, known as "safekeeping." However, he insisted that prison officials are purposely ignoring or refusing to address inmate-to-inmate

assaults, as they allow general population inmates to house and "mix" with inmates on safe-keeping status. Bush asserted that general population offenders also "freely come and go as they please, thereby subjecting all offenders on safekeeping to possibly being harmed or injured, as well as being extorted. Happens constantly and officers are never around when an offender needs them." He explained that the warden and various prison officials fail to follow procedures and that these practices—along with the lack of a physical barrier to distinguish these offenders—"leaves safekeeping offenders open to the [possibility] of assault or physical injury as well as extortion."

After a review of the pleadings, the Magistrate Judge issued a Report, (Dkt. #42), recommending that Defendant's motion to dismiss, (Dkt. #12), be granted because Bush failed to state a claim upon which relief can be granted, as he failed to demonstrate any constitutional violation. Bush has filed timely objections, (Dkt. #45).

## II. Bush's Objections

In his objections, Bush explains that his submitted grievances and witness declarations support his claim that he "sought relief through the proper channels to keep from being harmed by the conditions, as well as deliberate indifference." He argues that because he is a prisoner, he must receive more leniency than an attorney. Bush further asserts that "Defendants do not follow policy adopted by TDCJ or Texas Legislature." He notes that he is making a "general objection to the entirety of the Report."

## III. Discussion and Analysis

As an initial matter, objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to

properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). Here, Bush readily admits that his objections are general in nature, as he simply objects to the "entirety of the Report." He does not identify specific portions of the Report to which he objects. Therefore, Bush's objections can be overruled on that basis alone.

Nevertheless, the Magistrate Judge correctly recommended that Bush's civil rights lawsuit should be dismissed. As mentioned, Bush complained that the conditions of his confinement constitute cruel and unusual punishment and deliberate indifference—as he claims that prisoners are permitted to "mix" with other offenders. However, as the Magistrate Judge highlighted, Bush does not claim that he, personally, was harmed as a result.

It is well-settled that the treatment of inmates inside prisons and the conditions under which inmates are confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment protects inmates from "the wanton and unnecessary infliction" of injury that results in "pain without any penological purpose" or an "unquestioned and serious deprivation of basic human needs." *See Gunther v. Dalton*, 396 F. App'x 105, 107 (5th Cir. 2010) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The Constitution does not mandate comfortable prisons and "to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. Simply put, the Constitution does not afford protection against mere discomfort or inconvenience. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert denied*, 493 U.S. 969 (1989). While living in a leaky cell with insects, broken doors, and rust may be undesirable and uncomfortable, the Magistrate Judge correctly reasoned that such circumstances do not rise to the level of a constitutional violation. His complaints evince mere discomfort rather than the deprivation of basic human needs.

Consequently, the Magistrate Judge correctly recommended that his civil rights lawsuit be dismissed.

Turning to his claims of safety and security, the Eighth Amendment affords prisoners protection against injury at the hands of other inmates. *See Smith v. Wade*, 461 U.S. 30 (1983); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). In order to establish liability under the Eighth Amendment for the denial of protection against harm for other inmates, the prisoner must show deliberate indifference by prison officials. *Johnston*, 786 F.2d at 1260. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he or she] disregards that risk by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 847. Conclusory allegations of deliberate indifference do not show a constitutional violation. *See Branch v. Jacobs*, 334 F. App'x 648, 649 (5th Cir. 2009) (unpublished) ("Branch's conclusional allegations do not establish that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to his safety.").

As the Magistrate Judge found, Bush insists that general population offenders routinely "mix" with safekeeping offenders, but fails to highlight how he has been affected. His submitted grievances and prisoner sworn declarations show that he has complained about the conditions of his confinement, particularly his housing and overflow status, rather than an excessive risk to his safety.

Moreover, in his objections, Bush claims that "Defendants do not follow policy adopted by TDCJ or Texas Legislature." Essentially, he is claiming that, by allowing offenders to routinely "mix" with one another, TDCJ officials fail to follow their own policies. However, the purported failure of TDCJ officials to follow their own regulations and procedures is not sufficient to state a

4

civil right claim—if constitutional minima are nevertheless met. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure of the TDC officials to follow their regulations was a constitutional violation. There is no such controlling constitutional principle."). In other words, Bush is not constitutionally entitled to have the prison follow its own rules. *Perry v. Allemand*, 687 F. App'x 352, 353 (5th Cir. 2017) (Mem.) (unpublished).

Here, Bush's request that the prison follow its own rules does not present a constitutional violation. His submitted grievances illustrate that he has repeatedly asked prison officials to move certain prisoners and questioned why prisoners "mix." Moreover, as mentioned, a review of his submitted documents—including his most recent filing of his grievance forms, (Dkt. #47)—shows that he has routinely complained about his housing status, transient overflow at the prison, and other complaints regarding the conditions of his confinement. His complaints do not evince a constitutional violation, but rather, his dissatisfaction with how the prison unit conducts its business with respect to housing prisoners. Because Bush's unhappiness with his housing status does not illustrate a constitutional violation, the Magistrate Judge properly recommended that his civil rights lawsuit should be dismissed.

**IV. Conclusion**

Bush has not identified a constitutional violation. His claims regarding the conditions of his confinement demonstrate mere discomfort and unhappiness rather than the deprivation of basic human needs. Consequently, Bush has failed to state a claim upon which relief can be granted and, as a result, his civil right lawsuit should be dismissed. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #45), are overruled. The Report and Recommendation of the Magistrate Judge, (Dkt. #42), is **ADOPTED** as the opinion of the Court. Further, it is

**ORDERED** that Defendants' motion to dismiss, (Dkt. #12), is **GRANTED**. Plaintiff's civil rights lawsuit is **DISMISSED** with prejudice. Finally, it is

**ORDERED** that any and all motions that may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED August 24, 2018.**

_____
Ron Clark, Senior District Judge